**Earley v. 1508 West Allegheny, Inc.**

*Jacob J. Kilimnik,* for plaintiff.

*John Butterworth,* for defendant.

SLOANE, J., September 10, 1971.—

*Circumstances*

April 23, 1969. Plaintiff filed a mechanic's lien claim (later leave to amend was granted by Judge Greenberg).

March 6, 1970. Plaintiff then filed a complaint in mechanic's lien.

May 28, 1970. Defendant's preliminary objections were dismissed by Judge Hirsh, with leave to file an answer within 20 days.

June 17, 1970. Defendant's answer was filed.

June 22, 1970. The prothonotary, at plaintiff's instance, entered judgment in default for want of an affidavit of defense. (Writ of execution issued August 5, 1970, subsequently stayed.)

August 17, 1970. Defendant files to me a petition to strike the judgment; the petition by order was granted; plaintiff files a petition to revoke my order granting the petition to strike the judgment; this was denied; plaintiff appeals.

Under the circumstances, I think it less labor to understand this matter if you let me put the matter the other way: Had I denied defendant's petition to strike this hurried, arbitrary judgment, I would be unworthy of my own sense of judicial propriety and worthy of quick reversal by my appellate masters.

This judgment was conceived with unthinking, impolite hurry: I hope there still is such a moral thing as upright courtesy between lawyers which does not minimize the full and precise interest of a client. All that was needed here was an inquiry: "Do you intend to file an answer?"

I took testimony here on the petition to vacate my order to strike and it was not difficult to reach the conclusion that plaintiff's attorney was over quick, that our prothonotary was easy in error and that to strike the judgment was the only proper recourse of a proper discretion. He who reads the record will, I hope, think I was sharing a wise awareness in laying away the impact of lack of insight and of error.

A judgment is too dire to be gotten or allowed without better merit than here shown. Read discerning decision of Citizens National Bank of Evans City v. Rose Hill Cemetery Association of Butler, 218 Pa. Superior Ct. 366 (1971).